**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BETTIE L. BADLWIN,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:11-CV-2677-B (BK)** |
| | § | |
| **ONE WEST BANK, et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for screening.  For the reasons that follow, it is recommended that this action be dismissed without prejudice for want of prosecution.

**I.  BACKGROUND**

Plaintiff, a resident of Dallas, Texas, filed a *pro se* complaint against One West Bank, FDIC, and Fannie Mae, asserting Defendants engaged in unlawful eviction practices.  The Court granted the motion to proceed *in forma pauperis*, but directed Plaintiff to file a complaint in compliance with Rule 8(a), of the Federal Rules of Civil Procedure, no later than November 15, 2011.  As of the date of this recommendation, Plaintiff has failed to comply with the Court's deficiency order.

**II.  DISCUSSION**

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority [under Rule 41(b)]

flows from the court's inherent power to control its docket and prevent undue delays in the

disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir.

1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to filed a complaint in compliance with Rule

8(a).  She has impliedly refused or declined to do so.  Therefore, this action should be dismissed

without prejudice for lack of prosecution.  *See* FED. R. CIV. P. 41(b) (an involuntary dismissal

"operates as an adjudication on the merits," unless otherwise specified).[1]

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** this action

without prejudice for want of prosecution.  *See* FED. R. CIV. P. 41(b).

SIGNED December 5, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Since Plaintiff's claim stems from events that occurred in October 2011, it does not appear the statute of limitations is implicated at this time, and the Court need not apply the higher standard for dismissal with prejudice for want of prosecution.  *See Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE